Griffith, J.
The issue in this cause is whether that portion of Section 4123.519, Revised Code, which requires a claimant appealing in a workmen’s compensation case to file his petition within 30 days of the filing of the notice of appeal is mandatory and a jurisdictional requirement.
Section 4123.519, Revised Code, reads:
“The claimant or the employer may appeal a decision of the Industrial Commission * * * to the Court of Common Pleas *260 * * *. * * * Notice of such appeal shall he filed by the appellant with the commission and the Court of Common Pleas within 60 days after the date of the receipt of the decision appealed from or the date of receipt of the order of the commission refusing to permit an appeal from a Begional Board of Beview. Such filings shall be the only act required to perfect the appeal and vest jurisdiction in the court.
i Í * * *
“The claimant shall, within 30 days after the filing of the notice of appeal, file a petition setting forth the basis for the jurisdiction of the court over the action and setting forth the issues. * * *”
It was held in the Court of Common Pleas that claimant’s failure to comply with the mandatory requirements of Section 4123.519, Bevised Code, is ground for dismissal.
The Court of Appeals, in reversing the judgment of dismissal, said that “we are of the opinion that while the statute required the filing of the petition within 30 days after the notice of appeal was filed, where the petition actually was filed before any objection thereto was made, that the court below possessed the discretion to dismiss or retain the petition in the exercise of a sound discretion.”
In the Singer Sewing Machine case (176 Ohio St., 32), this court held in paragraph two of the syllabus:
“Under Section 4123.519, Bevised Code, the filing of a petition by a claimant is not jurisdictional. The filing of a notice of appeal with the Industrial Commission of Ohio and the Court of Common Pleas is the only act required to perfect the appeal and vest jurisdiction in the court.”
The only difference between the Singer case and the one now before us is that in that case the appellant was the employer while here it was the claimant who was the appellant. Since, under the statute as construed in the Singer case, it is the filing of the notice of appeal which vests jurisdiction in the court and not the filing of the petition by the claimant, it follows that a court may in the exercise of sound discretion permit a claimant to file his petition after the 30-day period specified in the statute, even though it is the claimant who is the appellant.
*261 Therefore, the judgment of the Court of Appeals is correct, and it is affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Herbert and Gibson, JJ., concur.